IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOSEPH MARROY** and § | | |
| **MARTIN COLLINS** § | | **PLAINTIFFS** |
| § | | |
| v. § | | Civil Action No. 1:09cv722HSO-JMR |
| § | | |
| **H.L.I.P., INC.,** and § | | |
| **JERRY MARTIN** § | | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [67] of Defendant Jerry Martin for Partial Summary Judgment, filed on August 16, 2010, in the above captioned cause. Plaintiff Joseph Marroy has filed a Response [69], and Defendant a Rebuttal [70]. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Motion should be denied without prejudice at this time.

### I. BACKGROUND

Plaintiffs Joseph Marroy and Martin Collins filed their Complaint in the Circuit Court of Harrison County, Mississippi, First Judicial District, on September 2, 2009, alleging state law claims against Defendants H.L.I.P., Inc., and Jerry Martin arising out of a motor vehicle accident, which occurred on or about December 11, 2006, near the intersection of Landon Road and Highway 49 southbound in Gulfport, Mississippi. Plaintiffs allege that while stopped for traffic,

they were rear-ended by Defendant Jerry Martin, who at the time of the collision was within the course and scope of his employment with Defendant H.L.I.P., Inc. Pls.' Compl. ¶¶ 2,4.  The Complaint seeks damages for pain and suffering, past and future medical expenses, past and future disability, mental anguish, emotional distress, loss of enjoyment of life, loss of wage and/or earning capacity, loss of use, and property damage.  *Id.* ¶ 5.  It also seeks punitive damages.  *Id.* ¶ 6.

Plaintiff Martin Collins has since resolved his claims against Defendants H.L.I.P., Inc., and Jerry Martin, and on December 7, 2009, his claims against both Defendants were dismissed with prejudice.  *See* Agreed Order [13].  On July 28, 2010, Defendant H.L.I.P., Inc., was voluntarily dismissed from this lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(2).  *See* Agreed Order [63].  The only claims remaining for trial are those of Plaintiff Joseph Marroy against Defendant Jerry Martin.  Defendant Jerry Martin now seeks partial summary judgment on the issue of punitive damages.

## II.  DISCUSSION

A.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or

defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," it is important to remember that only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *Id.* (quoting *Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142, 149-50 (5th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson*, 477 U.S. at 249. The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *Gaddis v. Smith & Nephew, Inc.,* 534

F. Supp. 2d 697, 699 (S.D. Miss. 2008).

Because this is a case of diversity jurisdiction, the Court must apply state substantive law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938*); Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999).

> The core of what has become known as the '*Erie* Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

B.  <u>Punitive Damages Claim</u>

Plaintiff seeks "punitive damages to the extent allowed by law for the intoxication/impairment of defendant, Jerry Martin, as may be further established through investigation and discovery and proven at the trial of this matter." Pls.' Compl. ¶ 6. Defendant asserts that summary judgment is warranted on the issue of punitive damages on grounds that Plaintiff has failed to offer any proof that he was intoxicated, impaired, or otherwise unfit to operate a motor vehicle at the time of the subject accident. Mot. ¶ 5.

Mississippi Code § 11-1-65(1)(a) states that:

> [p]unitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

MISS. CODE ANN. § 11-1-65(1)(a). "When deciding whether to submit the issue of

punitive damages to a trier of fact, the trial court looks at the totality of the circumstances, as revealed in the record, to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect and reckless disregard." *Mariner Health Care, Inc. v. Estate of Edwards*, 964 So. 2d 1138 (Miss. 2007) (*citing Bradfield v. Schwartz*, 936 So. 2d 931, 936 (Miss. 2006)).

The record evidence here reflects that Plaintiff testified in his deposition that he did not smell any alcohol on Defendant, nor did he believe Defendant was impaired at the time of the collision. *See* Pl.'s Dep. at pp. 111-12, attached as Ex. "E" to Def.'s Mot. Defendant testified at his deposition that he was driving at or below the posted speed limit,[1] and that he had not consumed any alcohol prior to the collision. *See* Def.'s Dep. at pp. 15, 24. The police report, however, reflects that Defendant's vehicle left over 60 feet of skid marks on the highway. *See* Police Rep., attached as Ex. "P-1" to Pl.'s Resp. It also states that Defendant's speed "[was] hazardous due to the heavy traffic on [Highway] 49 this time of day and driving a large truck, while earlier consuming alcohol." *Id*. Defendant's condition was noted as "drinking-not impaired." *Id*.

The Court questions whether the proof adduced thus far rises to the level of clear and convincing evidence. However, given the state of the record, the current posture of these proceedings, and the presence of factual disputes on the relevant

---

[1] Defendant testified that he was traveling 45-50 miles per hour at the time of the collision. *See* Def.'s Dep. at p. 15, attached as Ex. "H" to Def.'s Mot. The police report reflects that the posted speed limit was 50 miles per hour. *See* Police Rep., attached as Ex. "P-1" to Pl.'s Resp.

issues, the Court is of the opinion that summary judgment would not be appropriate on this claim at this juncture. The Court finds that Defendant's request should be denied without prejudice, with leave to reassert this issue at trial.

### III.  CONCLUSION

Based upon the foregoing, the Court finds that Defendant's Motion should be denied without prejudice at this time.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [67] of Defendant Jerry Martin, for Partial Summary Judgment, filed pursuant to FED. R. CIV. P. 56, should be and hereby is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 5th day of November, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE